IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

ELIZABETH AMPARO SOTO-MARTINEZ
AKA "STEPHANIE GERMANIA PIMENTEL",

Defendant

CRIMINAL 07-150 (CCC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

## I.   Procedural Background

On April 10, 2007, Elizabeth Amparo Soto-Martínez aka "Stephanie Germania Pimentel", the defendant herein, after having being advised of her right to be indicted by a grand jury, waived her right to be indicted, consented to be charged by means of an information, and pled guilty to the sole count of said information by means of a straight plea.

Count one of the information alleges that on or about November 16, 2006, in the District of Puerto Rico and within the jurisdiction of this Court, Elizabeth Amparo Soto-Martínez willfully and knowingly used United States passport No. 101464150 which had been issued to another person by the name of Stephanie Germania Pimentel and presented said passport to an Inspector of the Immigration and Naturalization Service of the United States at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, to gain entry into the United States, all in violation of Title 18, United States Code, Section 1544.

## II.   Consent to Proceed Before a Magistrate Judge

On April 10, 2007, while assisted by attorney Rossana De Castro González, Esq., the defendant, by consent, appeared before me in order to enter a plea of guilty as to count one of the information.

2

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) her right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering her guilty plea to count one of the information.

### III.  Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A.  Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and she understood that if convicted on count one, she is exposed to a term of imprisonment of not more than ten (10) years, a fine of not more than two hundred fifty thousand dollars ($250,000), and a term of supervised release of not more than three (3) years in addition to any term of incarceration.[1] The defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was also advised, and she understood, that the U.S. Sentencing Guidelines are advisory and that the Court is not bound by them. Furthermore, the defendant was informed that the

---

[1] The government was asked whether there was any evidence that this offense was committed to facilitate terrorism or drug trafficking, to which the federal prosecutor replied in the negative. Therefore, the alternative statutory maximum penalties of twenty-five years of imprisonment (in the case of terrorism) and twenty years (in the case of drug trafficking) are inapplicable.

3

Court may impose a sentence that is more severe or less severe than the one contemplated by the advisory Sentencing Guidelines and that if the Court ends up imposing a sentence that is harsher than what the applicable Sentencing Guidelines suggest, she will not be able to withdraw her guilty plea for that reason alone.

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon her, she later could not withdraw her guilty plea for that reason alone. The defendant understood this.

The defendant was made aware that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone. The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to her decision not to testify.

3. To a speedy trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing her demeanor and taking into account counsel's belief that the defendant has fully understood her rights, it is determined that the defendant is aware of her constitutional rights.

4

**C. Consequences of Pleading Guilty**

Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and will be convicted solely on her statement that she is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that if she violates the conditions of supervised release, that privilege could be revoked and she could be required to serve an additional term of imprisonment. She was also explained that parole has been abolished.

**D. Absence of Plea Agreement**

There is no plea agreement in this case.

**E. Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence, stating that the United States would have been able to prove that on or about November 16, 2006, defendant, an illegal alien, arrived to the Luis Munoz Marín International Airport with a fraudulent passport issued to Stephanie Germania Pimentel in order to gain entry into the United States. The defendant agreed with the facts as stated by the government. Furthermore, the undersigned specifically asked the defendant whether she admitted that on November 16, 2006, in Puerto Rico, she knowingly (that is, not by ignorance, mistake or accident) and willfully attempted to enter the United States using a passport 101464150 issued under the name of Stephanie Germania Pimientel, to which defendant replied in the affirmative. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offenses charged.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty. She came to the hearing for the purpose of pleading guilty and

5

listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

**IV.     Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the information.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Elizabeth Amparo Soto Martínez is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 16th day of April, 2007.

s/Marcos E. López
MARCOS E. LOPEZ
UNITED STATES MAGISTRATE JUDGE